**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMPHONE KONGKHAM, | No. CIV S-07-0088-LKK-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER VACATING JUDGMENT</u> |
| JAMES A. YATES, | |
| Respondent. | |
| _____/ | |

Petitioner brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is a motion to vacate judgment (Doc. 14). This matter was referred to a United States Magistrate Judge pursuant to Local Rule 72-302(c)(21).

On February 7, 2007, the magistrate judge filed findings and recommendations recommending that this action be dismissed for petitioner's failure to keep the court appraised of his current address. The petition filed in this case stated petitioner was incarcerated at Pleasant Valley State Prison. However, all mail directed to petitioner at his place of confinement was returned as undeliverable (paroled). The court adopted the magistrate judge's findings and recommendations, the action was dismissed and a judgment was entered on March 9, 2007.

///

1

1    Petitioner now requests the court vacate the judgment pursuant to Federal Rule of
2 Civil Procedure 60(b). Rule 60(b) allows the court to relieve a party from a final judgment for
3 limited reasons, including: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly
4 discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied,
5 released or discharged; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). Rule
6 60(b) also requires the motion to be filed "within a reasonable time, and ... not more than one
7 year after the judgment .. was entered." See id.

8    Petitioner claims mistake, inadvertence and excusable neglect as the grounds for
9 vacating the judgment. He claims he was unable to obtain the necessary copies of his petition at
10 the prison where he was incarcerated, so he sent it to his wife at home with directions for his
11 wife to make the necessary copies, pay the filing fee, and include a letter with directions for the
12 court to serve all necessary documents at his home address and not the prison address. The
13 reason for the change of address was that petitioner was set to be paroled to the Immigration and
14 Naturalization Service (INS). This letter, however, was not filed with the court, and all
15 documents were served on petitioner at the prison and therefore returned to the court as
16 undeliverable. Upon petitioner's release from the INS, he claims he contacted the court for the
17 status of his case, and learned the case had been dismissed. Petitioner then filed the pending
18 motion on August 29, 2007.

19    The court finds petitioner has timely filed his request to vacate the judgment
20 entered in this matter pursuant to Rule 60(b). The reasons petitioner sets forth in his motion are
21 sufficient to find mistake, inadvertence and excusable neglect. Therefore, petitioner's motion
22 will be granted, and this matter will be referred back to the magistrate judge.

23    Accordingly, IT IS HEREBY ORDERED that:
24    1.    Petitioner's motion to vacate judgment (Doc. 14) is granted;
25 / / /
26 / / /

1   2.   The judgment entered on March 9, 2007 is vacated; and

2   3.   This matter is referred back to the magistrate judge for further
3   proceedings.

4   DATED: September 14, 2007.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT